IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAWSON M. ROUSE,<br><br>Defendant. | Case No. 1:20-cr-00107-DLH<br><br>**UNITED STATES' MOTION FOR CONTINUANCE OF TRIAL AND REQUEST FOR ADDITIONAL TRIAL DAYS** |

The United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney, hereby moves the Court for an Order continuing the currently set trial date of September 15, 2020 for a period of one-hundred and twenty (120) days. This motion is made pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii) and (iv) and is based on the following:

1.       Defendant was arrested on July 13, 2020 by way of a criminal complaint, charging defendant with Attempted Sexual Exploitation of a Child; Coercion and Enticement of a Minor to Engage in Unlawful Sexual Activity; Sexual Exploitation of a Child; Transfer of Obscene Materials to a Minor; and Forfeiture Allegation in violation of 18 U.S.C. §§ 2251, 2422, and 1470. An Indictment was filed on July 8, 2020, alleging Attempted Sexual Exploitation of a Child; Coercion and Enticement of a Minor to Engage in Unlawful Sexual Activity; Sexual Exploitation of a Child; Transfer of Obscene Materials to a Minor; and Forfeiture Allegation in violation of 18 U.S.C. §§ 2251, 2422, and 1470, twenty-seven Counts in total.

2.       The original charges of Attempted Sexual Exploitation of a Child, Coercion and Enticement of a Minor to Engage in Unlawful Sexual Activity, and Sexual Exploitation

of a Child were based upon local law enforcement receiving a tip from a parent that Rouse

was picking up her minor daughters in the middle of the night.  Local law enforcement

informed Homeland Security of the incident.  The next day, the same parent reported that

Rouse and her minor daughters may have exchanged nude images via Snap Chat. The parent

and minor daughters were interviewed and confirmed that an exchange occurred. The minor

daughters also stated that Rouse was communicating with other minor children.  While

Rouse had been initially charged in multi-count Information in the State system, the United

States indicted Rouse on July 8, 2020, and Rouse had his initial appearance on July 13, 2020.

   3. In conjunction with Rouse's initial arrest on State charges, a search warrant

was served upon Rouse's residence and electronic devices and data on April 24, 2020. Using

multiple methods of investigation, including an analysis of the data on Rouse's phone and

interviews with other suspected victims, the Department of Homeland Security

Investigations and the Bismarck Police Department identified fifteen alleged victims, who

are now included in the indictment, and further identified approximately three additional

dozen suspected victims that still needed to tracked down and interviewed.  Since Rouse's

indictment, one additional suspected victim has come forward.  There are still numerous

additional suspected victims that need to be located and interviewed.

   4. As more suspected victims are identified and interviewed, search warrants for their

electronic devices will need to be executed, the data will need to be analyzed and

amendments will need to be made to the current indictment.  In addition, Snap Chat and

other social media platforms currently have outstanding search warrants that HSI and the

BPD anticipate will return hundreds, if not thousands, of pages of information that will need

to be processed and may lead to the identification of additional suspected victims and the addition of more charges.

5. Due to the sensitive nature of the charges, the ages of the victims, and the amount of victims, the United States foresees significant difficulty in moving this case along at the normal pace. Confounding the suspected heightened volume of evidence is the discomfort, embarrassment, and emotion present in cases of this kind. The United States intends to proceed with due care and diligence to the victims and their families.

6. As the COVID-19 pandemic persists, the United States also recognizes the need to act with caution. Given the space required to maintain proper distancing between witnesses, attorneys, court staff, and the jury, as well as sanitation procedures for the witness stand, the United States will be calling fewer witnesses per day than under usual circumstances. Safety restrictions and lack of adequate space do not allow for multiple witnesses to safely remain in the courthouse on standby just in case they may be called. As a result, delays to maintain the health and safety of those involved are likely.

7. Section 3161(h)(7)(A) provides that the Court may grant a continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. A continuance may be granted pursuant to § 3161(h)(7)(B)(ii) and (iv) when a case is so unusual or so complex due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the speedy trial act. In addition, the failure to grant such a continuance in a case such as this would deny the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.     Finally, given the number of victims who will be involved in the presentation of this matter at trial, the volume of evidence to be discussed and/or submitted, and the unusual circumstances resulting from the COVID-19 pandemic, the United States submits that the parties will need at least 7 to 10 days to present this matter properly.

9.     The United States has communicated with counsel for defense and counsel has indicated that he would not object to a continuance.  Counsel may, however, file a response regarding the amount of time the United States is currently requesting.

The United States requests the Court designate this case as complex, or at a minimum, designate the matter as unusual to the extent that the time accumulated during the pendency of this motion, and any time granted as part of the continuance, be excluded from the Speedy Trial clock calculation.

Dated:  August 17, 2020.


DREW H. WRIGLEY
United States Attorney


By:     _/s/ Gary L. Delorme_____
        GARY L. DELORME
        Assistant United States Attorney
        ND Bar ID 05845
        P.O. Box 699
        Bismarck, ND 58502-0699
        (701) 530-2420
        gary.delorme@usdoj.gov
        Attorney for United States