IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-107 |
| Plaintiff, | |
| v. | **UNITED STATES' SECOND MOTION FOR CONTINUANCE AND REQUEST FOR ADDITIONAL TRIAL DAYS** |
| DAWSON M. ROUSE, | |
| Defendant. | |

The United States of America, by Nicholas W. Chase, Acting United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney, moves the Court to continue this matter for a period of up to 90 days and further requests to schedule the matter to allow for 10 to 13 days of trial presentation.

Currently Rouse is charged in a forty-eight-count indictment that alleges criminal conduct involving the sexual exploitation of twenty-one identified minors. Currently, investigations into this matter continues and as more of the digital data is reviewed, more victims are identified. Recently, the United States, along with its case agents, met with counsel for defense at which time, some of the evidence that is not discoverable was presented. In addition, the United States did invite counsel to retain an expert to allow the defense a better idea of all the evidence that is considered contraband or so intertwined with contraband as to now allow even partial discovery. The United States has not received a request to allow an expert access to the materials as of todays date.

The United States expects a trial in this matter to last up to a full 13 days as the United States expects a trial presentation would involve in excess of thirty witnesses just for the United States' case-in-chief.

The current trial date is set for May 17, 2021.  The United States has another matter, United States of America v. Derrick Walker, 1:20-CR-00028, also scheduled for the same date.  Defendant Walker has been incarcerated since early February of 2020, as such his case is older in time.  In addition, Walker's co-defendant is awaiting the completion of trial so that sentencing proceedings can continue.  The United States believes it is Walker's intent to proceed to trial on the currently scheduled date.

The United States believes an "ends of justice" continuance, excluding the days allotted for the continuance, is appropriate in this matter to allow continuity of counsel for the government in the matter.  See 18 U.S.C., § 3161(7)(A).  Given the number of victims and witnesses needed to present the Rouse matter to a jury (in excess of 30), the large amount of digital evidence (in excess of a terabyte of information), the Rouse matter is complex.  The United States simply cannot prepare approximately twelve witnesses for the Walker matter and simultaneously prepare more than thirty witnesses in a complex matter such as Rouse and retain the continuity of counsel for both matters. See 18 U.S.C., § 3161(7)(B)(ii) and (iii).  In addition, given the yet ongoing COVID-19 pandemic, finding space and time to allow for adequate social distancing in preparing this many witnesses is not yet feasible.

The Eighth Circuit has recognized that continuity of counsel is a proper factor for the court to consider in granting an "ends of justice" continuance pursuant to 18 U.S.C., § 3161(7)(A).  United States v. Stackhouse, 183 F.3d 900, 901-902 (8th Cir. 1999). While this Court could find a suitable alternative location and request the assistance of another judge, either from within or outside the district, such an action would prevent the government the continuity of counsel in a complex case simply cannot be handed off to another government attorney without a significant amount of time allotted to allow for proper preparation.  As such, the ends of justice served in granting a continuance in this matter outweighs the best interest of the public and the defendant in a speedy trial.

As indicated above, the case agent involved in reviewing the digital evidence in this matter is still reviewing materials that were received as the result of search warrants issued in the matter.  While there can conceivably be dozens more victims to be discovered, the United States intends on proceeding with the Indictment as is in its current state; however, that does not mean we can simply shelve the remaining digital evidence without review as the data may contain both inculpating and exculpating evidence.

 The United States respectfully request this Court grant the motion for a continuance and exclude all days accumulated from the continuance from the Speedy Trial Act clock.  In addition, the United States is not asking for a significant delay and would further request the Court consider scheduling this 10-13 day trial for a time certain in August of 2021 due in large part to the fact that most of the victims are still minors

attending school.  Placing the matter on the calendar for August would allow the alleged victims to avoid missing time in school, as well as, the need to help protect their identity and involvement in this matter.

Dated: April 12, 2021

NICHOLAS W. CHASE
Acting United States Attorney

By:     /s/ *Gary L. Delorme*
GARY L. DELORME
Assistant United States Attorney
ND Bar ID 05845
P.O. Box 699
Bismarck, ND  58502-0699
(701) 530-2420
gary.delorme@usdoj.gov
Attorney for United States