IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAWSON M. ROUSE,<br><br>    Defendant. | Case No. 1:20-cr-00107<br><br>**UNITED STATES' SECOND MOTION FOR CONTINUANCE AND REQUEST FOR ADDITIONAL TRIAL DAYS** |

    The United States of America, by Nicholas W. Chase, Acting United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney, moves this Court to continue this matter and requests for the matter to be rescheduled for a period of 10-to-13-days of trial presentation. The matter is currently scheduled for trial to commence on September 20, 2021.

    Currently Rouse is charged in a forty-eight-count indictment that alleges criminal conduct involving the sexual exploitation of twenty-one identified minors. Recently, the United States, along with its case agents, met with counsel for defense at which time some of the evidence that is not discoverable was presented.

    The United States did indicate to opposing counsel that it was requesting the forensic agent to create a copy of the digital data that is void of all images and videos so as not to run afoul of 18 U.S.C., § 3509. The creation of "cleaned" versions of the data evidence in the possession of the United does take some time to finalize. The "cleaned"

version of the data evidence has not yet been completed and provided to counsel for defense.

Additionally, the parties are in the process of attempting to negotiate a settlement in this matter. Negotiations have been slowed quite a bit due to the defendant having been placed in a detention facility several states away from North Dakota.

Finally, the undersigned is counsel-of-record for the matter entitled <u>United States of America v. Derrick Walker</u>, Case No. 1:20-CR-00028, which is currently scheduled for trial on the same date as this matter. As indicated above, the United States expects a trial in this matter to last up to a full 13 days as the United States expects a trial presentation which would involve in excess of thirty witnesses just for the United States' case-in-chief. While Walker is not set for an extensive period of time, the United States has identified at least 13 witnesses needed for trial presentation. Given the ongoing pandemic, it is almost impossible to prepare 30-40 witnesses in one matter while also preparing 13 witnesses in another.

Defendant Walker has been incarcerated since early February of 2020, as such his case is older in time. In addition, Walker's co-defendant is awaiting the completion of trial so that sentencing proceedings can continue. The United States believes it is Walker's intent to proceed to trial on the currently scheduled date.

The United States believes an "ends of justice" continuance, excluding the days allotted for the continuance, is appropriate in this matter to allow continuity of counsel for the government in the matter. <u>See</u> 18 U.S.C., § 3161(7)(A). Given the number of

victims and witnesses needed to present the Rouse matter to a jury (in excess of 30), the large amount of digital evidence (in excess of a terabyte of information), the Rouse matter is complex.  The United States simply cannot prepare approximately thirteen witnesses for the Walker matter and simultaneously prepare more than thirty witnesses in a complex matter such as Rouse and retain the continuity of counsel for both matters. See 18 U.S.C., §§ 3161(7)(B)(ii) and (iii).

The Eighth Circuit has recognized that continuity of counsel is a proper factor for the court to consider in granting an "ends of justice" continuance pursuant to 18 U.S.C., § 3161(7)(A).  United States v. Stackhouse, 183 F.3d 900, 901-902 (8th Cir. 1999). While this Court could find a suitable alternative location and request the assistance of another judge, either from within or outside the district, such an action would prevent the government the continuity of counsel in a complex case and simply cannot be handed off to another government attorney without a significant amount of time allotted to allow for proper preparation.  As such, the ends of justice served in granting a continuance in this matter outweighs the best interest of the public and the defendant in a speedy trial.

Additionally, as indicated above, the parties are actively negotiating a potential settlement in the matter, but due to counsel for defense being separated by a significant distance from his client, the process is taking longer than normal.  Additional time is needed to allow the negotiating process to continue with the hopes of an acceptable settlement being presented to the Court.

The United States respectfully request this Court grant the motion for a continuance and exclude all days accumulated from the continuance from the Speedy Trial Act clock.  In addition, the United States would further request the Court consider scheduling this 10-13-day trial for a time certain if possible.

The United States has communicated its' intent to file a motion to continue in this matter for all the reasons stated above, and counsel for defense indicated that he would have no objection to the motion.

Dated: August 24, 2021

                        NICHOLAS W. CHASE
                        Acting United States Attorney

By:   /s/ *Gary L. Delorme*
       GARY L. DELORME
       Assistant United States Attorney
       ND Bar ID 05845
       P.O. Box 699
       Bismarck, ND  58502-0699
       (701) 530-2420
       gary.delorme@usdoj.gov
       Attorney for United States