IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAWSON M. ROUSE,<br><br>Defendant. | Case No. 1:20-cr-107<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney, has no objections or corrections to the Presentence Investigation Report in this case.

The PreSentence Investigation Report assesses that Rouse's guidelines range for Counts One, Three-Six, Eight-Eleven, Fourteen-Eighteen, and Twenty is life imprisonment. In addition, Rouse's guidelines range as to Counts Two, Seven, Twelve, Thirteen, Nineteen, and Twenty-One is 240 months imprisonment. Rouse also faces between five years and life in regard to the terms of supervised release.

In this particular matter, the United States intends to offer a sentence of 480 (40 years) months imprisonment as to Counts One, Three-Six, Eight-Eleven, Fourteen-Eighteen, and Twenty, to run concurrent with one another. In addition, the United States will recommend a sentence of 240 (20 years) months imprisonment as to Counts Two, Seven, Twelve, Thirteen, Nineteen, and Twenty-One, to run concurrent with one another and concurrent with Counts One, Three-Six, Eight-Eleven, Fourteen-Eighteen, and

Twenty.  The United States, per the plea agreement, also intends to recommend a twenty-five (25) year term of supervised release to follow Rouse's Court determined term of imprisonment.

Rouse was initially charged with forty-eight counts of criminal misconduct, all involving the twenty-one victims identified in the counts Rouse pled to in the Information that was filed with the Court.  The United States intends to call Detective Brandon Rask during the sentencing hearing to discuss several topics, to include: (1) the fact that there were not enough resources to identify, locate and interview many other likely victims in this matter; (2) Rouse's pattern of friending a minor via Snapchat, thus allowing him access to their friends list, and so-on and so-forth; (3) that the pattern also consisted of Rouse friending a minor, requesting and either getting images with a subsequent refusal to continue or an outright refusal, which he then blocked, resulting in his blocked folder containing hundreds of blocked persons; and (4), finally, Rouse's pattern of introducing the topic of BDSM to the minors he communicated with and actually engaging in physically abusive sexual acts with minors he met with, whether they agreed to the rough sex or not.

Mr. Rouse's obsession with physically abusive sexual acts resulted in his attempts with numerous victims to introduce and propose that the minors take an online BDSM test to their interest was compatible with his own.  Rouse even obtained a "contract" that allowed him to engage in physically abusive sexual acts with persons that agreed to and signed the contract.  One minor did sign one of the contracts (victim of Count Nine) and

was subjected to physical abuse – slapping, hair pulling, scratching and strangulation - while engaging in sexual acts with Mr. Rouse.

Mr. Rouse, without a "contract" or agreement, subjected several other minor victims to physical abuse (victims of Counts Five, Six, Fourteen and Twenty-One). Two of which (victims of Counts Five and Six) described that their sexual encounters with Mr. Rouse as unwanted sexual acts forced upon them. One of these two victims stated that Mr. Rouse raped her.

At sentencing the United States intends to briefly elicit testimony from one of the investigating agents regarding a pattern in which Mr. Rouse would friend a minor, request explicit images/videos and further attempt the arrange in person contact. In situations where the friended minor refuses the request or complies with the request, but later refuses to continue, Mr. Rouse would block the Snapchat profile. The agent will testify that there were over 700 blocked profiles in Mr. Rouse's account. The same agent will testify that due to the shear volume of potential victims and lack of physical resources to seek and identify each user of the blocked and unblocked profiles, there may be dozens upon dozens of persons that were victimized similar to the twenty-one victims discovered or were subject to conduct that would amount to attempt to commit similar crimes as those charged.

Additionally, the agent, who completed the digital forensics in this matter, will briefly discuss an encrypted folder that is on Mr. Rouse's cellphone, which folder may contain additional evidence of the sexual exploitation of the twenty-one victims discovered, as well as possibly others.

The defendant's conduct in this matter warrants a sentence of 480-months (40 years) as the defendant spent significant time and effort developing a scheme in which he often posed as a minor himself. The evidence indicates that the defendant was seeking minor females for several years prior to his arrest on this matter. During that time, it appears he honed his skills to great effect in locating and identifying minor females between the ages of 12 and 15 years that were particularly susceptible to his presentation and his further illicit requests.

While the Court pointed out during the change of plea hearing that similarly charged individuals were receiving an average sentence of 314-months, the United States would point out that Mr. Rouse had an excessive amount of victims, used force to engage in sexual encounters with the minors he communicated with, and introduced numerous of the victims, as young as 12 years, to the concepts of BDSM (Bondage/Discipline, Domination/Submission, and Sadism/Masochism).

A sentence of 480-months will adequately reflect the seriousness of the offenses committed, provide just punishment, deter not only the defendant but the general public from committing similar offenses, and will protect the current victims and the public from further crimes from the defendant. In addition, the United States recommends the Court impose a twenty-five (25) year term of supervised release to further ensure the defendant receives the sexual offender treatment he so desperately needs, as well as provide further protection to the victims and the public. The United States may seek restitution if requested by any of the victims at the time of sentencing and will further request the Court include in both the Judgement and as a condition of supervised release

that the defendant have no contact, direct or indirect, with the victims or their families while incarcerated and upon release during the term of supervised release.

Dated:  June 7, 2022

                                NICHOLAS W. CHASE
                                United States Attorney

By:   /s/ *Gary L. Delorme*
       GARY L. DELORME
       Assistant United States Attorney
       ND Bar ID 05845
       P.O. Box 699
       Bismarck, ND  58502-0699
       (701) 530-2420
       gary.delorme@usdoj.gov
       Attorney for United States