IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | Case No. 1:20-cr-00107 |
| ) | |
| DAWSON M. ROUSE, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Dawson M. Rouse, defendant, by and through his counsel, has no objection to the greater of the adjusted offense levels of 38 or to the combined adjusted offense level of 43 (PSIR, ¶¶ 194-196). Rouse also agrees the enhancement under § 4B1.5 applies (PSIR, ¶ 197). Rouse agrees his total offense level is 43 (PSIR, ¶ 200). A total offense level of 43 is life.

In regard to the § 4B1.5 enhancement (PSIR, ¶ 197), Rouse wishes to address certain counts. As to Count 4 (PSIR, ¶ 11), Rouse admits vaginal intercourse, but denies pulling hair or slapping across the face. Rouse understands DNA testing was done on hair found on the boat, but none matched to R.J.

Count 5 (PSIR, ¶ 12), Rouse admits digital penetration but denies the grabbing of hair, choking or punching.

Count 6 (PSIR, ¶ 13), Rouse admits there was oral sex, but denies any forcible rape, pulling of hair, scratching or choking.

Count 9 (PSIR, ¶¶ 17-20), Rouse admits sexual intercourse and the vodka. Rouse denies pulling hair and choking.

Count 11 (PSIR, ¶ 22), Rouse admits the oral sex.

Count 21 (PSIR, ¶ 35), Rouse denies any scratching.

1

Counsel for Rouse does not believe any of Rouse's denials as to these six counts changes the total offense level of 43, but wishes to make known to the Court Rouse's position on these specific facts.

At Rouse's Change of Plea hearing, the Court properly informed Rouse the Sentencing Guidelines are now advisory and the Court would consider the sentencing factors in 18 U.S.C. § 3553(a) in determining a sentence for Rouse. Although life is life, the Court can consider those factors to decide that a sentence of life is not necessary to achieve the goals of sentencing.

For example, in U.S. v. Jacob, 631 F.Supp.2d 1099 (N.D. Iowa 2009), the Court rejected a guideline sentence of life and the "parties' alternative guideline range" of 292-365 months in an enticement of minor and transporting child pornography case as excessive and disproportionally harsh compared to defendant's criminal conduct and history.

First, Counsel for Rouse states that Rouse's criminal conduct and pattern of activity are numerous and socially unacceptable, and deserving of punishment.

On the other hand, the Information charges Rouse's first violation in January 2018 (Count Thirteen) when Rouse recently turned 19 years of age. The Government's Sentencing Memorandum indicates the Government believes Rouse "was seeking minor females for several years prior to his arrest on this matter." (Document 56, p. 4). This would be consistent with Dr. Shannon Weisz's belief that Rouse's conduct began when Rouse himself was a juvenile.

There is a school of thought that the male brain does not fully develop until the ages of 18-25. People who believe in this school of thought focus on 18–25-year-old male offenders under a concept of restorative justice and rehabilitation.

Rouse was 21 years of age when he was apprehended in this matter. Rouse has expressed to this Counsel that, in hindsight, it was inevitable his destructive conduct would come to an abrupt

conclusion and he would have to face the consequences of his actions. Rouse has expressed to Counsel that he is glad this conduct has come to an end.

Counsel was a listener at the presentence interview. Rouse told the interviewer that in April 2020 when he was arrested, he asked himself, "How did I get here?" And, "How do I make this right?"

Counsel would answer the latter question, in part, that Rouse did not take this case to trial. At the Change of Plea hearing the Government stated Rouse was "being forthright."

Rouse told the presentence interviewer he recognizes the negative impact on the girls he contacted. He sees the "sex contract" as being wrong. He sees all his conduct as being wrong.

Rouse told the interviewer he knows there must be incarceration for punishment and for deterrence. However, he also wishes rehabilitation and "a chance at life again."

The interviewer asked Rouse if he had a sexual addiction. Rouse responded yes, prior to his arrest. Although there are no programs and treatment for sex addiction in county jails, Rouse has taken it upon himself to attempt to "reset my life." In the Rugby jail he was recommended the book, "Every Man's Battle", by Stephen Arterburn. He attempts to adhere to the teachings in the book.

In the interview, Rouse recognized he needs sex offender treatment and has mental health issues, and stated he is interested in fully complying with treatment and counseling. Rouse has specifically asked this Counsel to make such known to the Court.

Rouse told the interviewer he has already changed and wishes for the opportunity to prove he has changed.

Rouse told the interviewer he also messed up his own life and future. He had educational and career plans, and his conduct destroyed everything.

From the outside, Dr. Shannon Weisz indicates Mr. Rouse has psychopathic characteristics including narcissism, which is a cover for low self-esteem. Dr. Weisz confirms the sexual addiction.

Rouse reported to his interviewer that he was bullied when he was younger and felt abandoned growing up. Rouse has always lived with his parents, and the PSIR details alcoholism in the family.

Counsel for Mr. Rouse advocates to the Court a sentence in the range provided in the total offense level of 34. Counsel submits this range is sufficient but not greater than necessary under all of the circumstances and 3553(a) factors in this case. Mr. Rouse is a young man, who when he began this conduct was a child himself. He developed a sexual addiction, for which Dr. Weisz indicates he is amenable to treatment.

Mr. Rouse would be given significant incarceration as punishment and deterrence. This can be followed by a number of years of supervised release to assure his compliance with necessary treatment, and to assure he remains law abiding.

Dated: June 14, 2022.

>MICHAEL R. HOFFMAN
>North Dakota ID 04366
>Attorney for Defendant
>120 North 3rd Street, Suite 100
>Bismarck, ND  58501
>701-355-0900
>
>/s/ *Michael R. Hoffman*
>Michael R. Hoffman